**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA Z. VASQUEZ DE QUINTERO,
AKA Maria Rodriguez de Enriquez,

       Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

       Respondent.

No.   20-70846

Agency No. A039-099-987

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

    Rosa Z. Vasquez De Quintero, a native and citizen of Colombia, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

deferral of removal under the Convention Against Torture ("CAT"). We have

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Vasquez De Quintero's contention that the BIA violated her right to due process by declining to remand to the IJ for a new adverse credibility determination fails. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) ("in assessing an adverse credibility finding under the [REAL ID] Act, we must look to the 'totality of the circumstances[ ] and all relevant factors.' . . . . There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination" (internal citation omitted)). In her opening brief, Vasquez De Quintero does not raise, and has therefore waived, any challenge to the remaining factors relied upon in the BIA's adverse credibility determination, which are dispositive. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Vasquez De Quintero does not raise, and has therefore also waived, any challenge to the BIA's denial of deferral of removal under CAT, and the BIA's conclusions as to the need for competency proceedings. *See Lopez-Vasquez*, 706

2

F.3d at 1079-80.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**